IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 09-cv-00603-JLK-KLM

NANCY SILVI-RODRIQUEZ,

    Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION,

    Defendant.

**ORDER**

Kane, J.

    This matter is before me on the motion of Defendant United Services Automobile Association (USAA) to dismiss this action for lack of subject matter jurisdiction based on incomplete diversity under Fed. R. Civ. P. 12(b)(1) and 12(h)(3). Plaintiff is a resident of California. USAA claims it is an unincorporated association with members in all 50 states. An unincorporated association is deemed a citizen of every state in which it has members. Jett v. Phillips and Associates, 439 F.2d 987, 990 (10th Cir. 1971). Accordingly, if USAA is found to be an unincorporated association, complete diversity will not exist.

    To support its assertion that it is an unincorporated association, USAA relies on Tuck v. United Services Auto. Association, 859 F.2d 842 (10th Cir. 1988). In Tuck, the Tenth Circuit held that USAA was an unincorporated association even though in prior unrelated cases USAA appeared as a citizen of Texas to preserve diversity. Id. at 845.

The court noted USAA's improper appearances in earlier diversity actions, but held these appearances did not affect the court's finding that USAA was an unincorporated association. Id. at 845 n.3. The Second Circuit has also held that USAA is an unincorporated association. Baer v. United Services Auto. Ass'n, 503 F.2d 393, 395 (2nd Cir. 1974).

Plaintiff argues that USAA's motion should nonetheless be denied because in many prior diversity cases USAA has proceeded as a citizen of Texas only and not as an unincorporated association. Plaintiff asks that USAA be estopped from denying it is solely a resident of Texas.

Between Baer in 1974 and Tuck in 1988, there is no question that USAA appeared in federal court under diversity jurisdiction at least six times as both plaintiff and defendant. See Tuck, 859 F.2d at 845 n.3. Still, the Tenth Circuit in Tuck determined those appearances would not alter its holding. Id. Since Tuck, USAA has litigated in federal court under diversity jurisdiction twice, once as a plaintiff and once as a defendant, both times in the Sixth Circuit. See Krstich v. United States Auto. Ass'n, 776 F. Supp. 1225 (N.D. Ohio 1991); United States Auto. Ass'n v. Barger, 910 F.2d 321 (6th Cir. 1990). The existence of diversity was not challenged in either case. Under Tuck, however, USAA's appearances in these cases is not determinative of the jurisdictional question before me. See 859 F.3d at 845 n.3.

While parties may admit to facts tending to establish subject matter jurisdiction, they may not waive a lack of subject matter jurisdiction where it does not exist. See Ferguson v. Neighborhood Housing Services, 780 F.2d 549, 551(6th Cir. 1986). While

USAA has clearly played the issue to suit its purposes, it has not admitted any facts in this case because this is a pre-answer motion.  Also, principles of estoppel do not apply to subject matter jurisdiction.  13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3522 (3d ed. 2008).  Thus, USAA's previous improper appearances in unrelated cases cannot create subject matter jurisdiction where it would not otherwise exist.

While USAA's earlier use of federal court jurisdiction was perhaps manipulative, I am bound to find that USAA is an unincorporated association with members in all 50 states.  I GRANT the Motion to Dismiss, but dismiss without prejudice.  The civil action will be maintained and Plaintiff shall have to July 9, 2009, to file an amended complaint.  No motion for permission to file an amended complaint is necessary or required.

Dated this June 18, 2009.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE